**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD WILLIAM HERTZOG,** | : |
|     **Plaintiff** | :   **CIVIL ACTION NO. 3:04-1229** |
| **v.** | :      **(CAPUTO, D.J.)** |
| |      **(MANNION, M.J.)** |
| **PENNSYLVANIA STATE** | : |
| **POLICE JOINT TERRORISM** | |
| **TASK FORCE**[1]**,** | : |
|     **Defendants** | : |

## REPORT AND RECOMMENDATION

Presently pending before the court is an unopposed motion to dismiss the plaintiff's complaint filed on behalf of the Pennsylvania State Police. (Doc. No. 17). Based upon the court's review of the complaint, it is recommended that the defendant's motion be granted.

By way of relevant procedural background, on June 7, 2004, the plaintiff, an inmate at the Federal Correctional Institution, Milan, Michigan[2], filed the instant action pursuant to 42 U.S.C. § 1983 against the Pennsylvania State Police Joint Terrorism Taskforce. (Doc. No. 1).

By order dated July 28, 2004, it was directed that process issue. (Doc. No. 11).

---

[1]In his complaint, the plaintiff had also named unknown agents of the Federal Bureau of Investigation as defendants. (Doc. No. 1). However, those defendants have been dismissed by previous order of court. (Doc. No. 24).

[2]The plaintiff alleges that the events which give rise to the instant action occurred in Clinton County, Pennsylvania. (Doc. No. 1, p. 4).

On September 30, 2004, the defendant filed a motion to dismiss the plaintiff's complaint, (Doc. No. 17), along with a brief in support thereof, (Doc. No. 18). As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendant's motion. It is, therefore, deemed unopposed in accordance with Rule 7.6 of the Middle District of Pennsylvania Rules of Court. The merits of the plaintiff's action will, however, be considered in accordance with Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

The defendant's motion to dismiss is brought pursuant to provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the parties fail to state a claim upon which relief can granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

It must be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer

evidence in support of them.  Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

In his complaint, the plaintiff alleges:

> On June 19, 2002, at approx. 6:00 pm I received a phone call from Pennsylvania State Trooper Nick Chimenti[3] requesting help to change a flat tire on his car.  At that time I had no idea he was an agent working with the FBI/Pennsylvania State Police joint terrorism taskforce.  I drove approx. 5 miles out of State College on Route 322 to him and his vehicle which was parked just off the road by a bunch of trees and brush.  I got out of my vehicle with my lug wrench to help him change his tire.  The tire to be changed was on the side of his car closest to the road, putting both our vehicles between us and the group of trees.  I was down on one knee attempting to loosen one of the lugnuts when an unknown swat team member reached around the corner of his car and began blasting my face with pepper foam spray.  Being temporarily blinded and unable to breath, I dropped the lug wrench, managed to stand up and stumble backwards approx. 3 to 4 feet at which time an unknown swat team member slammed into me from my left side, driving me into the ground causing my left shoulder to become seperated (sic) and tearing the tendons from the bone.  Then, approx. 6 to 8 additional unknown swat team members piled on me and began searching me.  I then had a zip tie placed around my wrists which had been pulled behind my back.  The unknown swat team members then began laughing at me and calling me a tough guy and Mister Grimace, I guess because of the way my face looked with me trying to breath and open my eyes while my face was covered with their pepper foam spray.  After the name calling and laughing had ceased, I was put into a van and driven away by the unknown swat team members and FBI agents.  At no time did any of the unknown swat team members or FBI agent (sic) identify themselves as law enforcement agents of any kind until they had me in the van.  At no time did I

---

[3]Trooper Chimenti has not been named as a defendant in this action.

3

>    resist the arrest or give any agent any reason to think I would resist or that I was dangerous to them in any way. My 8th amendment right was violated by the defendants using excessive force which was completely unwarranted to effect my arrest. I am in pain everyday as a result of their actions and have sustained a permanent injury to my left shoulder.

(Doc. No. 1, pp. 7-8).

Based upon the above allegations, the plaintiff is seeking nominal, actual, compensatory, and punitive damages. (Doc. No. 1, p. 9).

In support of its motion to dismiss the plaintiff's complaint, the defendant argues that it is entitled to Eleventh Amendment immunity. (Doc. No. 18). The court agrees.

Federal courts can not consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Edelman v. Jordan, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute

4

Pennsylvania has specifically withheld consent [to be sued]." Laskaris, 661 F.2d at 25 (citing Pa. Cons.Stat. Ann. §§ 8521(b)).  Additionally, § 1983 does not abrogate the Eleventh Amendment.  Quern v. Jordan, 440 U.S. 332, 345 (1979).  Further, an essential element of any claim under § 1983 is that the alleged wrongdoing was committed by a "person."  42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the defendant's motion to dismiss the plaintiff's complaint, **(Doc. No. 17)**, be **GRANTED**.

                                  **s/ Malachy E. Mannion**
                                  **MALACHY E. MANNION**
                                  **United States Magistrate Judge**

**Dated:** April 5, 2005

O:\shared\REPORTS\2004 Reports\04-1229.1